IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON COLEY, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MAERLY, LLC, MAERLY PAYROLL PROCESSING LLC, PRAESIDIUM DIAGNOSTICS D/B/A SAMEDAY HEALTH, and MARIA STAUDENBAUR, | |
| Defendants. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Brandon Coley ("Plainiff" or "Mr. Coley"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendants Maerly, LLC ("Defendant Maerly" or "Maerly"); Maerly Payroll Processing LLC ("Defendant Payroll" or "Payroll") Praesidium Diagnostics D/B/A Sameday Health ("Defendant Praesidium" or "Praesidium") and Maria Staudenbaur ("Defendant Staudenbaur" or "Staudenbaur")(collectively, "Defendants") and respectfully shows the Court as follows:

## I.  NATURE OF COMPLAINT

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief and damages for Defendants' violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting him to wrongful and negligent sexual harassment and retaliation.

## II.  JURISDICTION AND VENUE

### 3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

### 4.

Defendant Staudenbaur is a resident of California who has transacted business in this jurisdiction through Defendants Maerly, LLC and Maerly Payroll Processing LLC.  Defendant Staudenbaur participated in the investigation by the EEOC and engaged in acts of retaliation against Plaintiff in this District and Division.

5.

Defendant Maerly, LLC is a foreign limited liability company qualified to do business in this District and regularly transacting business in the State of Georgia, and the unlawful employment practices alleged in this Complaint were committed within this District.

6.

Defendant Maerly Payroll Processing LLC is a foreign limited liability company qualified to do business in this District and regularly transacting business in the State of Georgia, and the unlawful employment practices alleged in this Complaint were committed within this District.

7.

Defendant Praesidium Diagnostics, LLC., d/b/a Sameday Health is a foreign corporation qualified to do business in the State of Georgia and regularly transacting business in the State of Georgia, and the unlawful employment practices alleged in this Complaint were committed within this District.

8.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III.  **PARTIES**

9.

Brandon Coley is a male citizen of the State of Georgia who is authorized to bring actions of this kind and nature.  All times relevant to this matter, Mr. Coley was the joint employee of Defendants Maerly, LLC, Maerly Payroll Processing, LLC and Praesidium Diagnostics, LLC, d/b/a Sameday Health.  Mr. Coley submits himself to the jurisdiction of this Court.

10.

Defendant Maerly Payroll Processing, LLC has its principal place of business at 2146 Crespi Lane, Westlake Village, CA, 91361 and may be served on its registered agent for service of process at Registered Agents Inc., 300 Colonial Center Parkway, Suite 100N, Roswell, GA, 30076.

11.

Defendant Maerly, LLC has its principal place of business at 2146 Crespi Lane, Westlake Village, CA, 91361 and may be served on its registered agent for service of process, Registered Agents Inc., at 1401 21st Street, Suite R, Sacramento, CA  95811.

12.

Maria L Staudenbaur, a/k/a Maria L. Llamas a/k/a Maria Delourdes Llamas a/k/a Maria Lourdes Llamas ("Defendant Staudenbaur") was at all times relevant hereto the Chief Executive Officer of Maerly LLC and Maerly Payroll Processing, LLC and may be served with process at her home and place of business, 2146 Crespi Lane, Westlake Village, CA, 91361-1720.

13.

Praesidium Diagnostics, LLC, d/b/a Sameday Health has its principal place of business at 615 Mildred Ave, Venice, CA, 90291 and may be served with process on its registered agent for service of process, United States Corporate Agents, Inc., located at 1420 South Lake Plaza Drive, Morrow, GA, 30260.

14.

At all times relevant to this matter, Defendants Maerly and Payroll were an integrated enterprise which, although technically distinct, operated as a single entity. Defendants Maerly and Payroll are both owned and operated by Defendant Staudenbaur; both Defendants Maerly and Payroll operate out of Defendant Staudenbaur's home at 2146 Crespi Lane, Westlake Village, CA, 91361; both Defendants Maerly and Payroll have the same officer (Staudenbaur); and both Maerly and Payroll are in the business of performing human resources functions.

15.

At all times relevant to this matter, Defendants Praesidium, Maerly, and Payroll were the joint employers of Mr. Coley. Maerly and Payroll performed all human resources functions for Defendants, through the person of Staudenbaur. Maerly, Processing and Staudenbaur shared authority for all human resources and employment decisions with Praesidium. Defendant Staudenbaur, acting as the agent for the remaining Defendants, was the sole contact for Plaintiff to complain to about the sexual harassment to which he was subjected; Staudenbaur purportedly investigated his sexual harassment complaint as the agent of the other Defendants; and in all ways acted as Mr. Coley's employer with regard to Human Resources functions.

16.

At all times relevant hereto, Defendants have conducted business within this District and Division; Plaintiff worked for Defendants in this District and Division; and the tortious conduct and discrimination at issue in this case occurred solely in this District and Division.

17.

During all times relevant hereto, Defendants have jointly employed fifteen (15) or more employees for the requisite duration under Title VII; Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

18.

During all times relevant hereto, Defendants have jointly employed over 500 (500) employees for the requisite duration under Title VII; Defendants are therefore covered under 42 U.S.C. § 1981b(3)(D).

## IV.  ADMINISTRATIVE PROCEDURES

19.

Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on June 8, 2021.   All Defendants received notice of the Charge and had an opportunity to participate in the investigation of the Charge.  Defendant Staudenbaur wrote the response to the EEOC on behalf of the other Defendants.

20.

The EEOC issued a "Notice of Right to Sue" on February 25, 2022, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

21.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## V.  **FACTUAL ALLEGATIONS**

22.

Mr. Coley began working for Defendants on or about December 21, 2020, as a Client Manager.

23.

On or about January 24, 2021, Defendants promoted Mr. Coley to Assistant Site Manager.

24.

In or about January 2021, Michael Fittro came out to Atlanta from California to train to be a Site Manager.

25.

Mr. Fittro stated that he was already an employee of Sameday who had come from California to be a site manager.

26.

Mr. Coley worked under Mr. Fittro, who was his manager.

27.

Mr. Fittro engaged in severe or pervasive sexual harassment, including, but not limited to, the following:

28.

Mr. Fittro would often make sexually inappropriate comments around Mr. Coley and other employees.

29.

Mr. Fittro talked openly about the details of his sexual activities with other men.

30.

Mr. Fittro said that anal sex helped his hemorrhoids.

31.

Mr. Fittro made a statement to Mr. Coley in which he said that his penis was large compared to his body type.

32.

On several occasions in March and April 2021, Mr. Coley complained to his Manager, Alex Mosch, and to Defendant Staudenbaur, about Mr. Fittro's behavior towards other employees.

33.

While Defendant assured Mr. Coley that they would investigate his complaints, Mr. Fittro's harassment continued.

34.

On May 6, 2022, Mr. Coley again complained to Ms. Staunenbaur about the ongoing sexual harassment of himself and other employees by Mr. Fittro.

35.

In response, Ms. Staunenbaur told Mr. Coley that if he was uncomfortable with it, i.e. the sexual harassment by Mr. Fittro, that Mr. Coley could take an unpaid leave of absence.

36.

When Plaintiff said he was uncomfortable, he was placed on unpaid leave starting immediately.

37.

Thereafter, instead of addressing Mr. Coley's complaints, Defendants attempted to force Plaintiff to sign an arbitration agreement to cover his employment claims as a condition of returning from leave and ultimately transferred Mr. Coley to another location.

38.

For much of the remainder of his employment, he was placed in unsanitary conditions, without adequate sinks or water.

39.

Defendants allowed its employees, specifically Mcihel Fittro, to subject Mr. Coley to severe or pervasive sexual harassment while he was as employee.

40.

Defendants were aware of Mr. Fittro's propensity to sexually harass its employees, including Mr. Coley.

41.

The sexual harassment was severe or pervasive, altering the terms and conditions of Plaintiff's employment.

42.

Defendants created a hostile work environment that Mr. Coley was required to endure as a condition of his employment.

43.

Defendants chose not to take reasonable steps to prevent sexual harassment from occurring, despite their knowledge of their employee's propensity for sexual harassment, and instead, on at least two occasions, sought to require Mr. Fittro to

sign an arbitration agreement that would have applied to his pending discrimination claims.

44.

Defendants failed to take appropriate remedial actions to correct the sexual harassment, giving Plaintiff the option of taking unpaid leave or enduring Fittro's conduct.

## VI.  CLAIMS FOR RELIEF

### COUNT ONE:  SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

45.

Plaintiff re-alleges paragraphs 1 to 44 as if set forth fully herein.

46.

Defendants' actions in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

47.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his gender.

49.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

50.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination and retaliation and are liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(b)(3)(D).

51.

On information and belief, Ms. Staudenbaur ignored the corporate form; treated Maerly and Maerly Payroll Processing as the same entity; and used corporate funds for personal expenses and is thus individually liable.

**COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII**

52.

Plaintiff re-alleges paragraphs 1 to 44 as if set forth fully herein.

53.

Plaintiff's complaints to Defendants about unwelcomed sexual comments and advances constitute conduct protected under Title VII.

54.

Defendants' action on forcing Plaintiff to take unpaid leave while they purported to investigate Plaintiff's complaints and/or their attempt to force Plaintiff on pain of termination to sign an arbitration agreement covering this claim is retaliation as a matter of law under *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1278 (11th Cir. 2008) because they took that action because of his complaints of sexual harassment and such actions would deter a reasonable person from making and pursuing a claims of discrimination.

55.

Accordingly, Defendants violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and are liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3)(D).

56.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-pecuniary damages.

57.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

58.

Defendants are therefore liable for damages caused proximately resulting from their retalation against Plaintiff.

## COUNT THREE:  NEGLIGENT AND WRONGFUL HIRING, RETENTION, AND SUPERVISION

### (Against All Defendants)

59.

Plaintiff references paragraphs 1 through 44 as if set forth fully herein.

60.

Defendants knew, or in the exercise of ordinary diligence, should have known of the propensity of their employee, Michael Fittro, to engage in sexually offensive conduct toward other employees, and toward Mr. Coley in particular.

61.

Defendants are liable for the conduct alleged herein, as Ms. Staudenbaur was the highest-ranking employee of the corporate Defendants and, acting as their agent, she negligently failed to stop an environment in which sexual harassment was common and considered acceptable behavior toward other employees.

Accordingly, all Defendants are liable in negligence for Ms. Staudenbaur's negligent failure to comply with duties established by law and Defendant's own employment policies.

62.

Defendants failed and refused to act to protect Mr. Coley from sexual harassment, thereby causing him emotional distress and mental anguish. This failure includes retaining Mr. Fittro and failing to adequately supervise him after obtaining actual or constructive knowledge of their propensity for sexually offensive conduct toward other employees, and toward Ms. Coley in particular.

63.

Defendants acted willfully and maliciously and with a complete absence of care in that, instead of remedying the sexual harassment, they retaliated against him and other employees because of reports of Mr. Fittro's conduct by Plaintiff are thus liable to Plaintiff for damages to his peace, happiness, and emotional wellbeing and the emotional distress and mental anguished sustained as a result of their actions and failures to act.

## COUNT FOUR:  PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1

### (Against all Defendants)

64.

Plaintiff references paragraphs 1 through 44 as if set forth fully herein.

65.

The foregoing acts of Defendants were intentional, were intended to cause harm, and to humiliate Plaintiff, and evidence a conscious disregard for the rights of Plaintiff, and a demonstrate a specific intent to cause harm.  Mr. Coley is entitled to recover from Defendants, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendants, or to deter them from repeating such wrongful acts.

## COUNT FIVE:  ATTORNEYS' FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11

### (Against all Defendants)

66.

Plaintiff references paragraphs 1 through 44 as if set forth fully herein.

67.

Defendants acted in bad faith in engaging in intentionally tortious misconduct, have been stubbornly litigious, and/or caused Mr. Coley unnecessary trouble and expense in litigating this case, and Mr. Coley is thus entitled to

recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     All other relief to which he may be entitled.

Respectfully submitted the 18th day of May, 2022.

**BARRETT & FARAHANY**

*/s/ Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Plaintiff Brandon Coley*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com